USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/20/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. CARRIE KEFALAS, JOHN LOTT, JEREMY BEER, KAMILA DUBISZ, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BRISTOL MYERS SQUIBB CO.,<br><br>Defendant. | Case No.: 1:21-cv-10204-GHW<br><br>**STIPULATED PROTECTIVE ORDER FOR TELEGRAM MATERIAL** |

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a limited protective order to aid in the Parties' efforts to preserve documents and data from Telegram Messenger by allowing such to be designated as "Attorneys Eyes Only" during the period prior to the date that the current stay in this action is lifted, and the parties resume regular discovery and case proceedings. This Order may be extended or modified pending further agreement by the Parties or order by the Court;

WHEREAS, Plaintiffs believe or anticipate that Telegram Material (defined below) will contain information of a personal or intimate nature regarding individuals;

WHEREAS, the Parties, through counsel, agree to the following terms to govern the handling of Telegram Material prior to regular discovery and case proceedings and seek to protect this during the period of the stay of the proceedings; and

WHEREAS, this Court finds that good cause exists for issuance of a limited protective order at this time;

IT IS HEREBY ORDERED that the Parties to this action will adhere to the following terms:

1. With respect to "Telegram Material" (*i.e.*, documents and data obtained from and/or produced by Telegram Messenger, or documents and data regarding Telegram accounts, users, postings, groups, chats, channels, or other information on the Telegram site or in the Telegram application) that a person has designated as "Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Attorneys' Eyes Only material to anyone, other than counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter and BMS in-house counsel and paralegals. Telegram Material marked Attorneys' Eyes Only will not be filed with the Court or further disclosed without agreement of the Parties or order of the Court, but may be shared by either party with the Judge for *in camera* review during this period.

2. A Party or person designating Telegram Material as Attorneys' Eyes Only will provide written notice of such designation to all Parties, and will stamp or otherwise clearly mark such material as "Attorneys' Eyes Only."

3. If any Party objects to any designation of "Attorneys' Eyes Only," they may serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

4. This Stipulation and Order will expire once the stay is lifted, but may be renewed and modified upon the agreement of the parties. Nothing in this Order prevents either party from seeking leave of court to modify the order or to seek permission of the Court prior to

the expiration of the Order to use and disclose Telegram Material related to any action or proceeding related to potential spoilation of evidence. The Court makes no finding regarding the confidentiality of any Telegram Materials, and retains full discretion to determine whether to afford confidential treatment to any Telegram Material designated as Attorneys' Eyes Only once this Order expires.

5.  Each person who has access to Telegram Material designated as "Attorneys Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material pending further agreement by the Parties.

SO STIPULATED AND AGREED.

*/s/ Norman A. Pattis*
Norman A. Pattis, Esq.
Cameron L. Atkinson, Esq. (*pro hac vice* pending)
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Dated: 12/17/2021

*/s/ Thomas A. Linthorst*
Thomas A. Linthorst, Esq.
Tova F. Katims, Esq.
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Fax: (212) 309-6001
thomas.linthorst@morganlewis.com
tova.katims@morganlewis.com

Michael D. Weil, Esq. (admitted *pro hac vice*)
Andrea Fellion, Esq. (*pro hac vice* application forthcoming)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Fax: (415) 442-1001
michael.weil@morganlewis.com
andrea.fellion@morganlewis.com

Dated: 12/17/2021

SO ORDERED.

Dated: 12/20/2021
New York, New York

GREGORY H. WOODS
United States District Judge

3