UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN LOTT, JEREMY BEER, KAMILA DUBISZ,<br><br>Plaintiffs,<br><br>-against-<br><br>BRISTOL MYERS SQUIBB CO.,<br><br>Defendant. | Case No.: 1:21-cv-10204-GHW |

### DEFENDANT'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF BEER

Defendant Bristol Myers Squibb Co. ("BMS" or "Defendant" or "the Company"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Third Amended Complaint ("Complaint") of Plaintiffs John Lott, Jeremy Beer, and Kamila Dubisz in accordance with the numbered paragraphs thereof, as follows:

1.      Defendant admits that Plaintiffs seek in this action compensatory and punitive damages and attorneys' fees. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant denies that any claims arise under state contract law. The remaining allegations in Paragraph 2 of the Complaint call for a legal conclusion to which no response is necessary.

1

3. Defendant admits that Lott's employment in New Jersey was terminated by BMS. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint regarding Lott's professional degrees and prior schooling and, on that basis, denies such allegations. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Beer was a data integrity professional who worked as a Senior Manager for Data Integrity at BMS in New Jersey, until BMS terminated his employment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint regarding Beer's professional degrees and schooling and, on that basis, denies such allegations.

5. Defendant admits that Dubisz worked as an Account Manager for BMS in New Jersey in its Apheresis Operations division, until BMS terminated her employment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint regarding Dubisz's professional degrees and prior schooling and, on that basis, denies such allegations. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

8. Defendant admits only that it rolled out its COVID-19 Vaccine Policy which required vaccination, and stated that a failure to comply with this policy would be grounds for

termination for cause. The policy also provided instructions on how to request an exemption. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

11. Defendant admits that in some cases, after an employee submitted an exemption request, BMS followed up with additional questions as part of the interactive accommodation process to better understand and consider the request. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits only that BMS would issue decision letters granting or denying requested religious accommodations, and giving employees until a date certain to provide sufficient proof of at least one shot or face termination. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint, and its subparts, purport to characterize a written document and the Court is respectfully referred to that document for its contents.

15. The allegations in Paragraph 15 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

16. The allegations in Paragraph 16 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

17. The allegations in Paragraph 17 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

18. The allegations in Paragraph 18 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the characterization of its follow-up questions as an "inquisition."

19. The allegations in Paragraph 19 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the characterization of its follow-up questions as "confrontational."

20. The allegations in Paragraph 20 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

21. The allegations in Paragraph 21 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

22. The allegations in Paragraph 22 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

23. The allegations in Paragraph 23 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies Plaintiffs' remaining allegation that Ms. Freeland ignored some of Lott's professed religious beliefs.

24. The allegations in Paragraph 24 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

25. The allegations in Paragraph 25 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that Lott's employment was terminated on December 6, 2021. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies such allegations. Defendant denies the remaining allegations in Paragraph 29 of the Complaint regarding the amount of Lott's lost income.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant admits the allegations in Paragraph 31 of the Complaint.

32. The allegations in Paragraph 32 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

33. The allegations in Paragraph 33 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

34. The allegations in Paragraph 34 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the characterization of its follow-up questions as "inquisitorial."

35. The allegations in Paragraph 35 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

36. The allegations in Paragraph 36 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

37. The allegations in Paragraph 37 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant admits that Beer's salary at BMS was approximately $146,000. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations in Paragraph 41 of the Complaint and, on that basis, denies such allegations.

42. Defendant admits only that Plaintiff Beer owes BMS reimbursement of tuition assistance since he did not meet his time commitment to be employed by BMS. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43. Defendant admits the allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

46. The allegations in Paragraph 46 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the characterization of its follow-up questions as "inquisitorial."

47. The allegations in Paragraph 47 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

48. The allegations in Paragraph 48 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. The allegations in Paragraph 50 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents.

51. The allegations in Paragraph 51 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 of the Complaint purport to characterize a written document and the Court is respectfully referred to that document for its contents. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53. Defendant admits the allegations in Paragraph 53 of the Complaint.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, on that basis, denies such allegations. Defendant denies the remaining allegations in Paragraph 54 of the Complaint regarding Dubisz's salary at BMS.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, on that basis, denies such allegations.

56. Defendant admits the allegations in Paragraph 56 of the Complaint.

**Count One – Religious Discrimination in Violation of Title VII**

57. Defendant incorporates by reference its responses to all preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

58. The allegations in Paragraph 58 of the Complaint call for a legal conclusion to which no response is necessary.

59. Defendant denies the allegations in Paragraph 59 of the Complaint, and all of its subparts.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

## Declaratory and Injunctive Relief

Defendant denies that Plaintiffs are entitled to any of the relief set forth in the Declaratory and Injunctive Relief, inclusive of subparts (A) through (D), following Paragraph 79 of the Complaint.

## Jury Demand

Defendant admits that Plaintiffs have requested a trial by jury.

## General Denial

Defendant denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

## SEPARATE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies.

3. Each and every action taken by Defendant with regard to Plaintiffs was based on legitimate, non-discriminatory reasons.

4. Any alleged accommodation would be unreasonable and an undue hardship to Defendant, a direct threat to the health or safety of Plaintiffs or others, and/or an unacceptable health or safety risk.

5. Although Defendant denies any wrongdoing, Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior and Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm, if any.

6. Even if some impermissible factor had played a role in any employment decisions relating to Plaintiffs, which Defendant denies, the same decisions would have been reached for legitimate, non-discriminatory reasons.

7. If Plaintiffs are able to prove any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

8. Plaintiffs have suffered no damages from the conduct alleged in the Complaint.

9. Punitive damages are unavailable against Defendant because Defendant made a good faith effort to comply with all applicable statutes and laws.

10. Plaintiffs' claims are barred or diminished to the extent they have mitigated or failed to mitigate their damages, the existence of which are denied.

11. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, laches, estoppel, waiver, unclean hands, or other equitable defenses.

12. One or more of Plaintiff Lott's claims is precluded by a release.

13. Defendant acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination, and otherwise

exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiffs claim they were subjected.

14. Damages, if any, sustained by Plaintiffs were solely and proximately caused by Plaintiffs' own negligent, reckless, or intentional conduct.

15. Plaintiffs' claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

16. Defendant reserves the right to raise additional defenses as may be discovered during the course of this or any subsequent proceeding.

## DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF BEER

Pursuant to Federal Rule of Civil Procedure 13, Defendant asserts the following Counterclaim against Plaintiff Beer, arising out of the same case or controversy as the Complaint filed by Plaintiffs, and states as follows:

### PARTIES

1. Bristol Myers Squibb Co. is a Delaware corporation, with a principal place of business in New Jersey.

2. Plaintiff Beer is an adult individual, who resides at 2026 Washington Valley Road, Martinsville, New Jersey 08836. *See* Compl., Ex. O.

### JURISDICTION

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because the Counterclaim forms part of the same case or controversy as the claims within the Court's original jurisdiction.

### FACTUAL ALLEGATIONS

4. Plaintiff Beer began working for Celgene Corporation as a Specialist, Developmental QC in January 2011.

5. In November 2019, BMS acquired Celgene Corporation.

6. While at BMS, Plaintiff Beer held the title of Senior Manager, Data Integrity, and worked in the Summit West, New Jersey office.

7. Pursuant to BMS's Global Tuition Program, Plaintiff Beer was eligible for tuition assistance from the Company.

8. In 2020 and 2021, BMS paid a combined total of $15,475.35 towards Plaintiff Beer's tuition expenses.

9. On January 31, 2022, Plaintiff Beer's employment with BMS was terminated for failure to comply with the Company's COVID-19 Vaccine Policy.

10. Because Plaintiff Beer did not remain an employee with BMS for two years following his receipt of tuition assistance from the Company, Plaintiff Beer must fully reimburse the Company for $15,475.35.

11. To date, Plaintiff Beer has not reimbursed BMS for any amount of the tuition assistance.

## COUNT ONE
### (Breach of Contract – Tuition Reimbursement)

12. Defendant incorporates by reference Paragraphs 1 - 11 of this Counterclaim.

13. BMS's Global Tuition Program is a valid contract between BMS and Plaintiff Beer.

14. Because Plaintiff Beer was terminated from his position at BMS on January 31, 2022, less than two years following his receipt of $15,475.35 in tuition assistance from the Company, his tuition assistance must be fully repaid to the Company.

15. By failing to reimburse the Company for his tuition assistance, Plaintiff Beer has breached the terms of BMS's Global Tuition Program.

16. Defendant has suffered damages as a result of Plaintiff Beer's breach.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays for judgment against Plaintiff Beer as follows:

A. That all of the claims alleged in the Complaint be dismissed and that Plaintiff Beer takes nothing by this action;

B. That judgment be entered in favor of Defendant and against Plaintiffs on the

Counterclaim;

    C.    For restitution and repayment of the tuition reimbursement;

    D.    For interest on the amounts Plaintiff Beer owes;

    E.    For Defendant's reasonable attorneys' fees and costs to the extent permitted by law; and

    F.    For such other and further relief as the Court may deem just and proper.

Dated:   October 26, 2022                          Respectfully submitted,

                                                    */s/ Thomas A. Linthorst*
                                                    Thomas A. Linthorst
                                                    Tova F. Katims
                                                    101 Park Avenue
                                                    New York, NY 10178
                                                    Telephone: (212) 309-6000
                                                    Fax: (212) 309-6001
                                                    thomas.linthorst@morganlews.com
                                                    tova.katims@morganlewis.com

## **CERTIFICATE OF SERVICE**

      I hereby affirm that I served a true and correct copy of Defendant's Answer and Separate Defenses to Plaintiffs' Third Amended Complaint and Counterclaim Against Plaintiff Beer, on October 26, 2022 on:

Norman Alexander Pattis
Pattis & Smith, LLC
383 Orange Street, 1st Floor
New Haven, CT 06511
npattis@pattisandsmith.com
*Attorneys for Plaintiffs*

                                              */s Tova F. Katims*
                                              Tova F. Katims